IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-30043 |
| ) | |
| RAKESH WAHI, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendant Rakesh Wahi's Petition for Expungement of Record and Leave to File the Motion as Dr. Doe (d/e 86). The Court has jurisdiction over the Petition and sets the matter for an evidentiary hearing.

### I. BACKGROUND

Defendant was originally charged in July 2011 by way of Indictment. See Indictment (d/e 7). On October 4, 2012, the grand jury returned a Superseding Indictment charging Defendant with conspiracy to commit health care fraud (with co-defendant

Gautum Gupta), mail fraud, and health care fraud. Superseding Indictment (d/e 60).

On October 11, 2012, the Government filed a Motion for Leave to Dismiss Indictment Against Defendant Wahi (d/e 77). The basis for the motion was that the Government received, pursuant to a search warrant, e-mail from Defendant's internet service provider that included privileged communications between Defendant and his attorney. An agent for the United States read some of the privileged communications during preparation for trial, despite efforts to segregate those privileged communications. Although the information was not specifically relayed to the attorneys for the United States, the agent was involved in daily trial preparation. Therefore, the Government was unable to show that the information did not taint the prosecution. As such, the Government moved to dismiss the Indictment. Id. The Government also requested that the Court order the FBI to destroy the agent's hard drive along with any DVD containing privileged material. Id.

On October 12, 2012, the Court granted the Government's motion. See October 12, 2013 Text Order. The Court found that

violations of the attorney-client privilege occurred and rendered dismissal of the Indictment with prejudice appropriate. Id. The Court denied the Government's request to destroy the evidence in question and ordered the Government to file under seal in the Clerk's secure vault all discovery pertaining to Defendant Wahi and his attorney-client privilege. Id. The Court further held that the Order regarding the discovery would be in effect for a period of ten years until October 11, 2022, and the Court "retained jurisdiction of this matter for that purpose." Id.

On January 13, 2015, Defendant filed the Petition at issue herein. Defendant asserts that he is qualified as a cardiac surgeon and has been unable to find meaningful employment in his profession. Defendant asks that the records in this case be expunged and that the FBI be directed to "remove all of the information from its public records while allowing it (the FBI) to maintain a confidential record of the arrest and its complaint." Pet., p. 3 (d/e 86). Defendant subsequently filed a Reply (d/e 93) raising numerous additional claims, including claims that a biased grand jury was seated and claims of misconduct by the Government.

The Government objects to the Petition, asserting that the Court lacks jurisdiction to consider the motion. The Government asserts in the alternative that Defendant does not qualify for expunction under the test followed by the Seventh Circuit. Resp. (d/e 88); Sur-Reply (d/e 97).

## II. ANALYSIS

Before addressing the merits of the Petition, the Court must first determine whether jurisdiction exists. See, e.g., Johnson v. Wattenbarger, 361 F.3d 991, 992 (7th Cir. 2004) (courts have an independent duty to determine whether subject-matter jurisdiction exists). Federal courts, being courts of limited jurisdiction, possess only that power that is authorized by the Constitution and statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Nothing in the Constitution authorizes the federal courts to expunge records. See, e.g., United States v. Mitchell, 683 F. Supp. 2d 427, 429 n.4 (E.D. Va. 2010), citing U.S. Const., art II, § 2 (which provides that the President has the power to grant reprieves and pardons for offenses against the United States). While Congress has provided for expunction of records in certain

circumstances, none of those circumstances apply here. See, e.g., 18 U.S.C. § 3607(c) (providing that a court shall order expunction of the record of disposition for persons who were less than 21 years of age when they committed a violation of § 404 of the Controlled Substances Act and who were sentenced to pre-judgment probation); 42 U.S.C. § 14132(d) (providing for the expunction of DNA analysis from certain indices when a conviction has been overturned); 10 U.S.C. § 1565(e) (same).

In some instances, federal courts have ancillary jurisdiction over proceedings that are "technically separate from the initial case that invoked federal subject matter jurisdiction." 13 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 3523.2 (3d ed). In Kokkonen, the United States Supreme Court recognized two legitimate forms of ancillary jurisdiction:

> (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees

Kokkonen, 511 U.S. at 379-80 (internal citations omitted). Under the facts of that case, the Kokkonen Court suggested that an order with a provision retaining jurisdiction over the settlement

agreement might provide for ancillary jurisdiction over a subsequent claim that the settlement agreement had been breached.  Id. at 381.

Defendant asserts that this Court has jurisdiction over the case because the Court retained jurisdiction when it dismissed the Indictment.  However, this Court retained jurisdiction solely for the purpose of protecting and enforcing its order regarding the discovery being held in this matter.  See, e.g., Kokkonen, 511 U.S. at 380 (providing that a court has ancillary jurisdiction to "manage its proceedings, vindicate its authority, and effectuate its decrees").  Therefore, the Court's retention of jurisdiction over the discovery does not extend to Defendant's request for expunction.

So, the Court must determine whether ancillary jurisdiction otherwise exists over the Petition.  The various Circuit Courts appear to agree that a federal court has the power to expunge a record when the case involves an unlawful arrest, an unlawful conviction, or a clerical error.  Presumably, this power is necessary to enable the court to manage its proceedings, vindicate its authority, and effectuate its decrees.  See, e.g., United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000); 13 Charles Alan

Wright, Arthur R. Miller, Edward H. Cooper and Richard D. Freer, Federal Practice and Procedure, § 3523.2 (3d ed. 2008) (stating that when there is no federal law that permits expunction, "the courts clearly have ancillary jurisdiction to expunge records of unlawful convictions or arrests").  The Circuits disagree, however, on whether the federal courts have jurisdiction to expunge a record based solely on equitable grounds, such as damage to an individual's reputation or a difficulty in obtaining employment.

The First, Third, Sixth, Eighth, and Ninth Circuits hold that a federal court does not have jurisdiction over orders to expunge criminal records based solely on equitable grounds.  See United States v. Coloian, 480 F.3d 47, 51-52 (1st Cir. 2007) (defining equitable grounds as "grounds that rely only on motions of fairness and are entirely divorced from legal considerations"); United States v. Rowlands, 451 F.3d 173, 178 (3rd Cir. 2006); United States v. Lucido, 612 F.3d 871, 877 (6th Cir. 2010); United States v. Meyer, 439 F.3d 855, 856, 861 (8th Cir. 2006) (holding that "a district court does not have subject matter jurisdiction over a motion to expunge that is based solely on equitable considerations," but that it "may have ancillary jurisdiction to [expunge] in extraordinary

cases to preserve its ability to function successfully by enabling it to correct an injustice caused by an illegal or invalid criminal proceeding"); Sumner, 226 F.3d at 1014 (noting that expunging criminal records on equitable grounds does not serve the court's goals of managing its proceedings, vindicating its authority, or effectuating its decrees); but see United States v. McNight, 33 F. Supp. 3d 577, 582 (D. Md. 2014) (finding a motion to expunge an arrest record following the dismissal of all counts is distinguishable from a motion to expunge a conviction or an acquittal and falls within the second circumstance for ancillary jurisdiction in Kokkonen). The Second, Seventh, Tenth, and D.C. Circuits have found that federal courts do have jurisdiction to entertain a petition to expunge based solely on equitable grounds. See United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977) (finding the courts have the equitable discretion to expunge records but that expunction is granted only in extreme circumstances); United States v. Flowers, 389 F.3d 737, 739 (7th Cir. 2004); United States v. Linn, 513 F.2d 925, 927 (10th Cir. 1975) (finding courts have the power to expunge an arrest record where the arrestee has been acquitted); Livingston v. U.S. Dep't of

Justice, 759 F.2d 74, 78 (D.C. Cir. 1985) (noting that courts have the inherent power to expunge arrest records).

The Second, Seventh, Tenth, and D.C. Circuits have been criticized because they either predate Kokkonen or fail to address Kokkonen. See, e.g., Coloian, 480 F.3d at 52; Lucido, 612 F.3d at 876. Nonetheless, this Court is bound by the Seventh Circuit decisions.

Consequently, this Court has jurisdiction over the Petition, but only to the extent that Defendant seeks to expunge the court records. The Seventh Circuit has held that district courts do not have the power to expunge records maintained by the executive branch. United States v. Janik, 10 F.3d 470, 472 (7th Cir. 1993).

The Court applies a balancing test to determine whether to expunge judicial records:

> "[I]f the dangers of unwarranted adverse consequences to the individual outweigh the public interests in the maintenance of the records, then expunction is appropriate."

Flowers, 389 F.3d at 739 (quoting Janik, 10 F.3d at 472). The "'unwarranted adverse circumstances' must be uniquely significant in order to outweigh the strong public interest in maintaining

accurate and undoctored records." Id. Consequences that result from every arrest and conviction are not the type of unwarranted adverse consequences that justify expunging a defendant's criminal records. Id. Expunction is an extraordinary remedy and the balance rarely tips in favor of expunging the records. Flowers, 389 F.3d at 739.

Defendant has raised a number of arguments in support of his request that the records be expunged. He has also filed Motions to Supplement the Record (d/e 95, 96) and a Motion for Leave to File a Sur Rebuttal (d/e 98). Defendant repeatedly adds or attempts to add new arguments and new evidence in support of his Petition. Therefore, the Court finds the most expeditious way of resolving this case is to set the matter for an evidentiary hearing. See, e.g., United States v. Williams, No. 08-CR-0021, 2011 WL 489771, at *4 (N.D. Okla. Feb. 7, 2011) ("A district court is often required to have an evidentiary hearing to develop a factual record to assess a defendant's claim that harm to reputation or social stigma rises to the level of extraordinary circumstances").

# III. CONCLUSION

The Court has jurisdiction over Petitioner's Petition to Expunge. An evidentiary hearing on the Petition is set for Thursday, April 16, 2015 at 10:00 a.m. Defendant may appear in person or by videoconference only. Appearance by telephone is not permitted. Defendant shall advise the Court, in writing, on or before noon on April 10, 2015, whether he will be attending in person or by videoconference. Because the matter is being set for hearing, Defendant's Motions to Supplement the Record [95] [96] are DENIED AS MOOT. Defendant can seek to present whatever evidence he deems relevant at the hearing. Defendant's Motion for Leave to File a Sur Rebuttal [98] is also DENIED AS MOOT. Defendant can make his arguments at the hearing. Finally, Defendant's request to file the Petition to Expunge as "Dr. Doe." is DENIED.

ENTERED: April 6, 2015

FOR THE COURT:

                                                 s/Sue E. Myerscough
                                             SUE E. MYERSCOUGH
                                             UNITED STATES DISTRICT JUDGE